NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**



FILED

JUN 12 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 13-50433 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00351-ODW-9 |
| v. | |
| **JUAN DIAZ, AKA Swifty,** | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted January 8, 2015
Pasadena, California

Before:    **KOZINSKI**, **WARDLAW** and **W. FLETCHER**, Circuit Judges.

**1.** The district court didn't abuse its discretion in denying Diaz's request for new counsel. The district court pressed Diaz to explain his reasons for changing counsel, even though his request came on the eve of trial, see United States v. Franklin, 321 F.3d 1231, 1238–39 (9th Cir. 2003), and there was no evidence of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

intractable conflict between Diaz and his lawyer, see United States v. Adelzo-Gonzalez, 268 F.3d 772, 779–780 (9th Cir. 2001).

**2.** Because David Navarro used knowledge gained from firsthand experience to decode the Black Angels' conversations, he properly testified as a lay witness. See United States v. Gadson, 763 F.3d 1189, 1209–10 (9th Cir. 2014).

**3.** Viewed cumulatively, the alleged hearsay statements were harmless. Taped conversations between Diaz and then-kingpin Juan Gil established that Diaz was a Black Angels member with significant responsibility. And Navarro's testimony directly connected Diaz to drug sales, assaults and stabbings and the collection of extortion payments. Excluding the hearsay statements might have meant excluding a single murder or drug sale, but other testimony indisputably connected Diaz to the Black Angels' criminal operations. Because none of the statements challenged are testimonial, Diaz's hearsay objections raise no constitutional concerns. See Davis v. Washington, 547 U.S. 813, 821 (2006).

**4.** Diaz wasn't entitled to a multiple-conspiracy instruction because "there is no problem of spillover when . . . the defendant stands trial alone." United States v. Anguiano, 873 F.2d 1314, 1318 (9th Cir. 1989). Further, while jury instruction

13 was improper, Diaz suffered no prejudice. He didn't take the stand, so his credibility as a witness was immaterial.

**5.** The allegedly improper reference to drug quantities in Navarro's plea agreement during closing argument wasn't plain error. The actual drug quantities referenced weren't important to the government's argument; the government's main point was that Diaz would have known everything that Navarro knew. Plus, the actual quantity of drugs moved by Diaz wasn't seriously in dispute at trial.

**6.** Diaz's supervised release conditions don't amount to plain error. A condition that bars association with a gang member satisfies due process. United States v. Vega, 545 F.3d 743, 749–50 (9th Cir. 2008). Barring Diaz from associating with both gang members and "others known to him to be participants in the Black Angels gang's criminal activities" is only marginally more restrictive, and it serves to keep Diaz away from the activities that landed him in prison. Any error therefore wasn't plain.

**AFFIRMED.**